UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND et al., | CASE NO. 2:25-cv-00882-TL |
| Plaintiffs, | ORDER ON MOTION FOR DEFAULT JUDGMENT |
| v. | |
| GREYROCK DRILLING & PILEDRIVING LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion for Default Judgment. Dkt. No. 16. Defendant has not appeared or otherwise participated in this case, and the Clerk of Court entered Defendant into default on November 13, 2025. Dkt. No. 14. Having reviewed Plaintiffs' motion and the relevant record, the Court GRANTS the motion.

ORDER ON MOTION FOR DEFAULT JUDGMENT – 1

## I.    BACKGROUND

Plaintiffs are joint labor-management trust funds ("Plaintiffs" or "Plaintiff Trusts") created pursuant to Section 302(c)(5) of the Labor Management Relations Act and subject to the Employee Retirement Income Securities Act of 1974 ("ERISA"). Dkt. No. 1 ¶ 1.1 (complaint). Plaintiffs provide retirement, health, and training fringe benefits to their eligible members, retirees, and their beneficiaries. *Id.* Defendant Greyrock Drilling and Piledriving LLC is a Washington limited liability company with a principal place of business in Arlington, Washington. *Id.* ¶ 1.2.

Plaintiffs allege that Defendant became signatory to various agreements under which it agreed to file monthly reports of hours worked and to pay all fringe-benefit contributions to Plaintiffs for hours worked under the agreements. *Id.* ¶¶ 3.2–3.8; Dkt. No. 17 (Gitahi Decl.) at 3 ¶ 6, 4 ¶ 11; Ex. 2 (Compliance Agreement); Ex. 3 (Collective Bargaining Agreement); Ex. 4 (Revised Trust Agreement – Health and Security Fund) at 73–74; Ex. 5 (Revised Trust Agreement – Construction Industry Retirement Fund) at 138; Ex. 6 (Revised Trust Agreement – Training Trust Fund) at 194. Failure to make timely payment results in an assessment of delinquency charges in the form of liquidated damages and interest, and Plaintiffs are entitled to recover costs of collection, including administrative expense, attorneys' fees and costs, and service fees. *Id.* ¶¶ 3.8, 3.14–3.15; Dkt. No. 17 at ¶¶ 7–8; Ex. 4 at 122; Ex. 5 at 185; Ex. 6 at 213. The Agreements provide for the assessment of both pre-and post-judgment interest on all unpaid contributions at the rate of 12% per annum. Dkt. No. 17 ¶ 8; Ex. 4 at 122; Ex. 5 at 185; Ex. 6 at 213.

As alleged, Defendant failed to submit its required monthly contribution reports and the associated fringe-benefit contributions owed under the various agreements for periods between October 2022 through February 2025. *Id.* ¶¶ 3.10–3.11. Plaintiffs determined that the following

amounts were due: (1) $31,831.98 in delinquent fringe-benefit contributions; (2) $3,538.84 in liquidated damages as allowed under 29 U.S.C. § 1332(g)(2)(C)(ii); and (3) $8,167.69 in accrued prejudgment interest calculated through December 12, 2025, at the rates specified in the applicable trust agreements as allowed under 29 U.S.C. § 1332(g)(2). *See* Dkt. No. 17 Exs. 7 (Monthly Remittance Reports Compilation), 8 (Claim Summary).

On May 9, 2025, Plaintiffs filed suit alleging that Defendant had violated the terms of the agreements and ERISA § 515, 29 U.S.C. § 1145. Dkt. No. 1 ¶ 3.13. After being properly served, Defendant failed to appear, and Plaintiffs moved for and obtained an order of default. *See* Dkt. Nos. 6 (proof of service), 12 (motion for entry of default), 14 (entry of default). With evidentiary support, Plaintiffs now ask the Court to enter default judgment in their favor and award them: (1) $31,831.98 in delinquent fringe benefit contributions; (2) $3,538.84 in liquidated damages; (3) $8,167.69 in accrued prejudgment interest as of December 12, 2025; (4) $8,193.50 in reasonable attorney fees; and (5) $490.00 in costs. *See* Dkt. No. 16-1 (Proposed Order); Dkt. No. 18 (Maxwell Decl.). They also ask the Court to specify that the post-judgment interest rate shall be 12% per annum in accordance with the applicable agreements, as allowed under 29 U.S.C. § 1332(g)(2). *Id.*

## II.    LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). When considering whether to exercise discretion in entering default judgments, courts consider a variety of factors (the "*Eitel* factors"), including:

ORDER ON MOTION FOR DEFAULT JUDGMENT – 3

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. "None of the factors is dispositive in itself; instead, [courts] must balance all seven." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 884 (S.D. Cal. 2021); *e.g.*, *Bd. of Trs. of San Mateo Hotel Emps. & Rest. Emps. Welfare Fund v. H. Young Enters., Inc.*, No. C08-2619, 2009 WL 1033665, at *4–5 (N.D. Cal. Apr. 13, 2009) (finding second and third *Eitel* factors dispositive when deciding to enter default judgment).

Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except for those regarding facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *accord Little v. Edward Wolff & Assocs. LLC*, No. C21-227, 2023 WL 6196863, at *3 (W.D. Wash. Sept. 22, 2023) (quoting *Cripps*, 980 F.2d at 1267). Damages are also limited to what was reasonably pleaded. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

### III.    DISCUSSION

**A.    Jurisdiction**

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1.     Subject-Matter Jurisdiction**

The Court finds that it has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The Court also finds that venue is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), because the Plaintiff Trusts are administered in this District. *See* Dkt. No. 1 ¶ 2.3.

**2.     Personal Jurisdiction**

"ERISA authorizes fiduciaries to bring an enforcement action in any district court 'where the plan is administered, where the breach took place, or where a defendant resides or may be found.'" *Sacramento Area Elec. Workers Health & Welfare Tr. v. FAMCO*, No. C17-3823, 2019 WL 13203780, at *3 (N.D. Cal. Nov. 20, 2019) (quoting 29 U.S.C. § 1132(e)(2)). Plaintiff Trusts are administered and maintain their principal offices in King County, Washington (Dkt. No. 1 ¶ 1.1) which is in the Western District of Washington. Defendant is a Washington State limited liability company conducting business in the Western District of Washington. *Id.* ¶ 1.2. "By statute, ERISA authorizes nationwide service of process and sets forth that personal jurisdiction may be established where service is carried out on a defendant anywhere in the United States." *Bd. of Trs. of Nw. Metal Crafts Tr. Fund v. Pac. Ship Repair & Fabrication, Inc.*, No. C24-142, 2025 WL 2322693, at *2 (W.D. Wash. Aug. 12, 2025). Here, the record indicates that Defendant was served process on June 3, 2025 (Dkt. No. 6), which was within the 90-day time period prescribed by Federal Rule of Civil Procedure 4(m).

Therefore, the Court may exercise personal jurisdiction over Defendant.

**B.     Default Judgment**

As discussed below, the Court finds that application of the *Eitel* factors to this motion weighs in favor of default judgment. Accordingly, Plaintiffs' motion succeeds. *See Eitel*, 782 F.2d at 1471–72. The Court will examine each *Eitel* factor in turn.

### 1.    The Possibility of Prejudice to the Plaintiffs

"The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered." *GS Holistic, LLC v. City Smoke Corp.*, No. C24-1286, 2025 WL 1345083, at *2 (W.D. Wash. May 8, 2025) (citation omitted). Without entry of default judgment, Plaintiffs will be prejudiced. Plaintiffs have attempted to litigate this case and vindicate their rights against Defendant. Defendant, however, has failed to appear or participate in this litigation, despite having been properly served. "Without default judgment, [a plaintiff] will suffer prejudice because it will 'be denied the right to judicial resolution' of its claims and will be 'without other recourse for recovery.'" *Id.* (quoting *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

Therefore, the first *Eitel* factor weighs in favor of entering default judgment.

### 2.    The Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors examine "the substantive merits of the plaintiff's claim [and] the sufficiency of the plaintiff's complaint." *Id.* In the Ninth Circuit, these factors are frequently analyzed together. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (explaining how the Ninth Circuit has suggested that the second and third *Eitel* factors require a plaintiff to state a claim on which they can recover). These factors weigh in favor of an entry of default judgment if the allegations in a complaint sufficiently state a claim upon which relief can be granted. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Courts apply the *Iqbal-Twombly* standard, where a complaint is sufficient if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Taking as true the facts alleged in Plaintiffs' complaint, the Court finds that Defendant failed to make timely reports and payments of required contributions. Following discovery of these failures, Plaintiffs contacted Defendant and requested the outstanding reports and contributions, but Defendant failed to comply. These facts, as pleaded, are sufficient to establish an ERISA claim. *See Operating Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Precision Drilling, Inc.*, 782 F. Supp. 3d 784, 790–91 (N.D. Cal. 2025) (citing 29 U.S.C. § 1132(g)(2)).

Therefore, the Court concludes that the second and third *Eitel* factors weigh in favor of entering default judgment.

### 3.    The Sum of Money at Stake

The fourth *Eitel* factor requires the Court to "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor weighs in favor of default when "the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). "[W]hen the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (citation and quotations omitted).

Here, Plaintiffs seek $31,831.98 in delinquent fringe benefit contributions, plus additional amounts for liquidated damages and accrued interest, for a total claim of $43,538.51. Dkt. No. 17, Ex. 8 at 230. They also seek to recover $8,193.50 in attorneys' fees and $490 in costs. Dkt. Nos. 18, Ex. 9 at 6–11 (Attorney Fees Report), Ex. 10 at 13 (Cost Report). The remedies requested are specifically authorized under ERISA and the Parties' agreements. *See* 29 U.S.C. § 1132(g)(2); Dkt. No. 17, Exs. 2–6. The Court concludes that the recovery sought is proportional to the harm caused by Defendant's conduct, which constitutes failing to timely remit reports and pay the required contributions and late fees in accordance with the Parties' agreements. *See Bds.*

ORDER ON MOTION FOR DEFAULT JUDGMENT – 7

*of Trs. of Nw. Ironworkers Health & Sec. Fund v. Peterson Rebar Placement, LLC*, No. C22-1541, 2023 WL 4492367, at *4 (W.D. Wash. July 12, 2023) (concluding that the fourth *Eitel* factor weighed in favor of default judgment where defendants did not appear and "defendants' obligations were outlined in several agreements").

Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment.

**4.      The Possibility of a Dispute Concerning Material Facts**

Because Defendant has not appeared, the Court must accept as true all well-pleaded allegations in the complaint, other than those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). There is little possibility that the core, material facts are in dispute. "When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (citation omitted). "Where the moving party 'has supported its claims with ample evidence, and [the defaulting party] has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *Jung v. Liberty Mut. Fire Ins.*, No. C22-5127, 2023 WL 3204595, at *4 (W.D. Wash. May 2, 2023) (quoting *Landstar Ranger*, 725 F. Supp. 2d at 922). There is nothing here to suggest a possible dispute of material facts.

Therefore, the fifth *Eitel* factor weighs in favor of default judgment.

**5.      Whether the Entry of Default is Due to Excusable Neglect**

The sixth *Eitel* factor considers whether a defendant's default can be attributed to excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. "There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. C21-8284, 2022 WL 17218505,

at *6 (C.D. Cal. Oct. 26, 2022) (citation omitted). Here, a process server personally served Defendant with the summons and complaint on June 3, 2025. Dkt. No. 6 (affidavit of service). Defendant's deadline to answer the complaint was therefore June 24, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 6(a)(1). Defendant did not appear or file an answer. On October 17, 2025, Plaintiffs moved for an entry of default. Dkt. No. 12 There is nothing in the record to indicate that Defendant lacked notice of the action or that Defendant was misled. Accordingly, the Court concludes that Defendant's failure to answer the complaint was not due to excusable neglect.

Therefore, the sixth *Eitel* factor weighs in favor of default judgment.

**6.      Whether Default Judgment is Appropriate in Light of the Policy Favoring Decisions on the Merits**

The Court maintains a strong policy preference in favor of resolution of a plaintiff's claims on the merits. Whenever it is reasonably possible, courts should decide cases upon their merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). But "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Federal Rule of Civil Procedure 55(a) "allows a court to decide a case before the merits are heard if defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922. Here, Defendant has not appeared and has not participated in this case, let alone defended itself, in any way.

Therefore, since Defendant failed to respond to Plaintiffs' complaint, "the seventh *Eitel* factor does not preclude the entry of default judgment against it." *Landstar Ranger*, 725 F. Supp. 2d at 922.

*              *              *

In sum, because the *Eitel* factors all weigh in favor of default judgment, the Court concludes that entry of default judgment is appropriate here.

**C.    Damages**

A plaintiff "is required to present evidence to 'prove up' the damages that [it] is seeking." *Olive v. Robinson*, No. C20-356, 2023 WL 346622, at *7 (W.D. Wash. Jan. 20, 2023) (first citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053–54 (C.D. Cal. 2011), then citing Fed. R. Civ. P. 55(b), then citing LCR 55(b)(2)). "Plaintiff must support a motion for default judgment with a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." LCR 55(b)(2). Here, Plaintiffs seek to recover unpaid contributions, interest, liquidated damages, attorney fees, and litigation costs. *See* Dkt. No. 16-1. These damages are included in Plaintiffs' prayer for relief in their original complaint. *See* Dkt. No. 1 ¶ 4.2.

The Court finds that Plaintiffs have submitted sufficient evidence to confirm the following amounts are due under the agreements: (1) $31,831.98 in delinquent fringe benefit contributions; (2) $3,538.84 in liquidated damages; and (3) $8,167.69 in accrued prejudgment interest as of December 12, 2025. Dkt. No. 17, Exs. 7, 8. The Court also finds that post-judgment interest shall accrue at 12% per annum from the date of entry of judgment. Dkt. No. 17 ¶ 8; Ex. 4 at 122; Ex. 5 at 185; Ex. 6 at 213. But because the prejudgment interest was calculated only through December 12, 2025, the Court requests that Plaintiffs submit a revised prejudgment interest calculation so that the final judgment entered reflects an accurate prejudgment interest calculation. Once the Court receives and reviews that calculation, it will direct entry of a separate judgment reflecting the revised amount of prejudgment interest.

**D.    Attorney Fees**

Plaintiffs are also entitled to attorney fees under the criteria outlined in *Kerr v. Screen Extras Guild, Inc.*:

ORDER ON MOTION FOR DEFAULT JUDGMENT – 10

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Plaintiffs have supported each of these factors in the declaration of counsel (*see* Dkt. No. 18), and the Court finds this evidence persuasive. Plaintiffs have provided a sufficiently precise accounting of their attorney fees and costs to justify the request of $8,193.50 in attorneys' fees and $490.00 in legal costs. These appear reasonable in light of the experience and skill of counsel, the rates requested, and hours expended, and the efforts and results achieved.

Therefore, the Court GRANTS Plaintiffs' request for relief in its entirety.

### IV.    CONCLUSION

Accordingly, Plaintiffs' motion for default judgment (Dkt. No. 16) is GRANTED. It is hereby ORDERED:

(1)    Judgment is ENTERED in favor of Plaintiffs and against Defendant.

(2)    Plaintiffs are AWARDED:

   (a)    $31,831.98 in delinquent fringe benefit contributions;

   (b)    $3,538.84 in liquidated damages; and

   (c)    $8,167.69 in accrued prejudgment interest as of December 12, 2025.

(3)    Plaintiffs are ORDERED to file an updated prejudgment interest calculation **within ten (10) days** of entry of this Order.

Dated this 1st day of July, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR DEFAULT JUDGMENT – 12